IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RASHAN HERRING, | § | |
| Movant, | § | |
| | § | No. 3:19-cv-02352-K |
| v. | § | No. 3:15-cr-00243-K-1 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent | | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Rashan Herring's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1).  The issues have been fully briefed, and the matter is now ripe for ruling.  For the following reasons, the Court DENIES Herring's § 2255 motion.

## Background

Herring pleaded guilty to the following: (1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count one); (2) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count two); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count three).

On September 26, 2018, the Court sentenced Herring to a total term of 180 months' imprisonment.  This term consisted of 120 months' imprisonment on count one and 120 months' imprisonment on count two, with the terms to run concurrently.  He received 60 months' imprisonment on count three, with the term ordered to run

consecutive to counts one and two.  Herring did not appeal his case to the Fifth Circuit Court of Appeals.

Herring's § 2255 motion was received by the Court on October 1, 2019, and he presents only one claim.  Citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he implicitly argues that he was convicted of count one without an admission in his guilty plea that he knew at the time of his unlawful firearm possession that he had been convicted of an offense punishable by more than a year of imprisonment.  (CV Doc. 1 at 8.)  The Government argues that Herring procedurally defaulted his *Rehaif* claim when he failed to raise it before this Court or on direct appeal, and he has failed to overcome the procedural default by showing cause and prejudice or establishing he is actually innocent.  The Government concludes that Herring's § 2255 motion should be denied with prejudice.  Herring did not file a reply, and the time for doing so has passed.  His § 2255 motion is now fully briefed and ripe for determination.

<u>Discussion</u>

In his sole claim, Herring argues that the Supreme Court's decision in *Rehaif* offers him relief.  (CV Doc. 1 at 8.)  In *Rehaif*, the Supreme Court held that, in a prosecution under §§ 922(g) and 924(a)(2), the Government must prove the defendant knowingly violated each of the material elements of § 922(g), which are: (1) he knowingly possessed a firearm; and (2) he knew he belonged to the relevant category of persons prohibited from doing so. *Rehaif*, 139 S. Ct. at 2200; *see also United States v. Scott*, 11 F.4th 364, 366 n.1 (5th Cir. 2021).

2

Herring procedurally defaulted his *Rehaif* claim when he could have but did not raise it before this Court or on direct appeal.  When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *see also United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Herring contends that he was sentenced in September 2018, and *Rehaif* was not issued until June 2019. (CV Doc. 1 at 8.)  Admittedly, a movant can show cause when a constitutional claim is "so novel that its legal basis is not reasonably available to counsel" when the defendant appeals his conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). However, in this case, Herring has made no such showing.  Prior to the Supreme Court's decision in *Rehaif*, many lower court decisions held that the Government did not have to prove *mens rea* to convict a defendant under § 922(g).  *See Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (citation omitted)).  And the issue was litigated in federal courts for many years prior to the entry of Herring's guilty plea on May 8, 2018. *See United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (collecting cases across the federal circuits examining whether the Government needed to prove the defendant's knowledge of his prohibited status to establish a violation of § 922(g)); *United States v.*

3

*Bryant*, No. 11 CR 765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in *Rehaif* was percolating in the courts for years.") (collecting cases). In sum, Herring has not demonstrated that the legal basis for his *Rehaif* claim was not reasonably available to him when he was originally before this Court, and he declined to file a direct appeal. *See Bousley*, 523 U.S. at 622. For this reason, Herring does not show cause, and he fails to demonstrate actual innocence.

Moreover, even if Herring did not procedurally default his *Rehaif* claim, it fails on the merits. The record demonstrates that Herring knew he was a felon at the time he illegally possessed a firearm. For instance, in his factual resume, he admitted "[t]hat before [he] possessed the firearm, [he] had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year[.]" (CR Doc. 56 at 1.) The record also demonstrates that during a post-arrest interview on March 12, 2015, Herring attributed the firearm discovered in his room to his wife. PSR ¶ 23. In jail call records, he was taped inquiring whether the female he was speaking with had found another firearm he kept in the couch. PSR § 24. The record demonstrates that Herring knew he had been convicted of a crime punishable by more than one year. Therefore, Herring necessarily knew that he was a convicted felon before he possessed a firearm, and he cannot show that he was actually innocent of violating § 922(g).

Consequently, Herring has not overcome the procedural default of his *Rehaif* claim. For this reason, his § 2255 motion must be denied with prejudice. *See Fulton v. United States*, 5:06-cv-198-C, 2009 WL 10672748, at *4 (N.D. Tex. Jan. 14, 2019)

4

(finding that claims seven, eight and twelve were procedurally barred from collateral review) (citing *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996)).

## Certificate of Appealability

Last, the Court must determine whether the issuance of a certificate of appealability (COA) is appropriate here.  Under Rule 11 of the Rules Governing Section 2255 Proceedings, the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the Court is denying Herring's § 2255 motion, it must determine whether he is entitled to a COA. A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims "are adequate to deserve encouragement to proceed further." *United States v. Wainwright*, 237 F. Appx. 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. at 327); *see also Foster*, 466 F.3d at 364.

Considering the specific facts of this case and the relevant law, the Court fails to find that "jurists of reason could debate the propriety" of the actions taken in this order or otherwise conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, the Court denies Herring a certificate of appealability.

## Conclusion

For the foregoing reasons, the Court DENIES Herring's § 2255 motion (CV Doc. 1).  The Court also DENIES a certificate of appealability.

SO ORDERED.

Signed March 22nd, 2022.

_____
ED KINKEADE
UNITED STATES DISTRICE JUDGE